**Harold Lloyd CULBERT, Petitioner,**

**v.**

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 69–H–418.**

United States District Court,
S. D. Texas,
Houston Division.

May 14, 1973.

Will Gray, Houston, Tex., for petitioner.

John L. Hill, Atty. Gen., of Texas, Lang A. Baker, Asst. Atty. Gen., of Tex., Austin, Tex., for respondent.

SEALS, District Judge.

MEMORANDUM AND ORDER:

This is a Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of the offense of felony theft on September 13, 1965. Upon proof of two prior felony convictions Petitioner was sentenced under the habitual criminal statutes to life imprisonment. He appealed to the Court of Criminal Appeals which reformed the judgment and reduced the punishment to ten (10) years because of an apparent infirmity in one of the enhancement counts. On Motion for Rehearing the Court of Criminal Appeals reinstated the life sentence holding that an error in the stenographic record had been corrected by the filing of a Supplemental Statement of Facts and the infirmity on the prior conviction removed.

The Petitioner alleges two grounds which he feels entitle him to issuance of the writ of habeas corpus:

1. That he was denied effective assistance of counsel at his State trial.

2. That he was denied due process of law when error in the trial record was corrected by a supplement to the Statement of Facts prepared by the court reporter outside the presence of Petitioner and his counsel on appeal.

On September 22, 1972 this Court conducted an evidentiary hearing as provided by 28 U.S.C. § 2243. The Court, after hearing all the evidence and arguments of counsel at the hearing, and upon all the files, records, proceedings and briefs herein enters the following Memorandum Opinion which shall constitute the Findings of Fact and Conclusions of Law of this Court.

I.

The evidence indicates Petitioner was in jail from June 1, 1965 until trial on September 13, 1965, but during that time he made no attempt to secure an attorney of his own choice even though some money was available to him from his father for that purpose. According to Petitioner's own testimony he was more interested in making bond so that he could get out to hire an attorney rather than having a court-appointed attorney. Some time prior to trial Petitioner's mother secured counsel to represent him at trial.

The testimony was inconclusive as to how long counsel had to prepare for trial. Petitioner's defense counsel testified he did not know how long his now deceased co-counsel had been on the case but that they possibly had two weeks to prepare. There was also some testimony to the effect that at the time of trial, counsel for defendant/Petitioner attempted to obtain a continuance but that the trial judge put them to trial. While the practice followed in that court might not have been the best practice it was adequate.

The prosecuting attorney testified at the hearing that he knew of no defense which could have been presented but was not. Furthermore, on reviewing the trial transcript the Court is convinced that sufficient evidence of guilt was present to sustain a conviction.

Generally speaking, an accused is entitled to counsel who is reasonably likely to render and who does render reasonably effective assistance. MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960). To be "ineffective" counsel's assistance must have been so inadequate as to render the trial a sham, farce, or mockery of justice. Williams v. Beto, 354 F.2d 698 (5th Cir. 1968).

The hearing made it clear that Petitioner based his allegations of ineffective assistance of counsel on the failure of his counsel to call two witnesses which he asked them to call and

on the lack of adequate time for counsel to prepare for trial. It is evident that Petitioner is not a credible person. While he testified to there being two witnesses he could only remember he did not know where they could be found or what their testimony would show. It is not for this Court to second guess the actions and strategies of counsel in their conduct of a case. Furthermore, Petitioner's testimony, without more, would not support a finding of inadequate counsel.

■ It is settled law that a complaint of insufficient time to prepare for trial is not sufficient to support a claim of ineffective assistance of counsel. In Woodard v. Beto, 447 F.2d 103 (1971), cert. denied, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971), the Fifth Circuit held as follows:

> "[Petitioner] did no more than complain about the short amount of time that his court-appointed counsel had to spend on his case. Shortness of time alone, however, is not enough to establish a claim of ineffective assistance of counsel."

It is the finding of this Court that Petitioner was effectively represented by counsel in the state trial who did all that was possible to defend Petitioner in the face of the clear evidence of guilt presented by the State.

## II.

■ Petitioner's second contention, that he was denied due process of law by the method used to prepare the Supplemental Statement of Facts on Petitioner's appeal, is also without merit.

Prior to the hearing before this Court Petitioner's attorney entered into a stipulation that the Supplemental Statement of Facts upon the appeal of Petitioner's conviction, was prepared from the notes of the court reporter. Moreover, the face of the Supplemental Statement of Facts indicates that it was prepared by the court reporter from her notes taken in open court, and contained questions inadvertently omitted from the original Statement of Facts.

We do not have here a case such as Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253, where the court reporter died before completing the transcription of testimony, and the notes were admittedly not subject to clear and obvious transcription by other court reporters. Rather, in the instant case, the complained of supplemental record was prepared no differently than the original Statement of Facts. The court reporter who took the notes and who inadvertently left out part of the testimony in the original transcription, prepared the supplement from those notes which she took. Clearly, the constitutional requirements of due process do not require that the convicted or his attorney be present during the transcription of the court reporter's notes.

It is therefore the opinion of this Court that the Petitioner has been denied no federally protected rights.